# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br>v.<br><br>CLAUDIA HERNANDEZ-BECERRA,<br><br>                Defendant-Appellant. | Case No.: 18-mj-20491-WVG-H<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On August 11, 2018, Defendant Claudia Hernandez-Becerra filed a notice of appeal to the district court. (Doc. No. 10.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## Background

On July 27, 2018, Defendant was arrested approximately 450 yards north of the United States/Mexico border and four miles west of the San Ysidro Port of Entry. (Doc. No. 1 at 2.) Defendant stated that she is a citizen of Mexico without any immigration documents which would allow her to enter or remain in the United States legally. (Id.)

On July 30, 2018, the Government filed a criminal complaint charging Defendant with being "an alien, [who] did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section

1325(a)(2)."  (Doc. No. 1.)  On July 30, 2018, Defendant appeared before the Magistrate Judge along with other defendants, and Defendant entered a plea of guilty to the single count for violation of 8 U.S.C. § 1325(a)(2) in the complaint.  (Doc. No. 3.)  At the hearing, the Magistrate Judge engaged in the following colloquy exchange with Defendant:

> THE COURT:  Ms. Hernandez and gentlemen, each of you are in court today because the United States has charged you in a criminal complaint with a misdemeanor called illegal entry.  Each of you have the following rights, but by pleading guilty, you are giving up those rights.  Each of you has the right to remain silent and say nothing at all about the offense; however, as I said, by pleading guilty, you are giving up that right.  Each of you has the right to a trial by a judge, with the government having to prove your guilt beyond a reasonable doubt.  But by pleading guilty today, you are giving up that right.
>
> Each of you has the right to be represented by an attorney.  An attorney has been appointed for you and has met with you earlier today and is here in court at this time.  You do not give up that right.  You retain the right to be represented by an attorney up to and including sentencing.
>
> Each of you are giving up the right to confront and cross-examine any witnesses that might be called against you.  You are giving up the right as well to subpoena witnesses to come into court to testify against you -- excuse me.  You are giving up the right to subpoena witnesses to come into court to testify on your behalf.  And you are giving up the right to be your own witness and testify in your own defense and to present other evidence in your own defense.  And as I said earlier, you are giving up the right to remain silent and not incriminate yourself.
>
> Each of you have all of these rights, but by pleading guilty today, you are giving them all up, except the right to be represented by an attorney.
>
> I am going to go through each of your names, and as I call out your name, please tell me if you understand you have these rights and if you are prepared to waive these rights at this time.
>
> . . .
>
> THE COURT:  Ms. Hernandez, do you understand that you are waiving all these rights today?

THE DEFENDANT: Yes.

. . .

THE COURT: Each of you have pled guilty to illegal entry. There are two facts that would have to be proven by the United States if you proceeded to trial. The first fact or element is that you are an alien and not a citizen of the United States at the time you committed the offense. The second fact or element is that you knowingly eluded examination and inspection by immigration officers.

Once again, I am going to ask you individually if you understand that these are the elements of the offense.

. . .

THE COURT: Ms. Hernandez?

THE DEFENDANT: Yes.

THE COURT: Ms. Hernandez, you are going to have keep your voice up so the interpreter can hear you clearly, and then I can hear you. Okay?

. . .

THE COURT: The maximum sentence that you each face is identical for all of you. The maximum sentence is six months in custody. The maximum fine is $5,000. There's also a $10 penalty assessment, which is mandatory. Do you each understand that this is the maximum sentence that you face?

. . .

THE COURT: Ms. Hernandez?

THE DEFENDANT: Yes.

. . .

THE COURT: There may also be immigration consequences that could result in your being deported or removed from the United States or being

prohibited from reentering the United States in the future.

> Have you discussed these immigration consequences with your attorney, and do you understand them?
>
> . . .
>
> THE COURT: Ms. Hernandez?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: And understanding those consequences, are you still willing to plead guilty at this time?
>
> . . .
>
> THE COURT: Ms. Hernandez?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: Ms. Hernandez and gentlemen, as you sit here today in open court, is there anything, such as medication that you may be taking or your physical health or mental health or anything else in your background, that would prevent you from understanding what is happening right now and being able to participate fully in this proceeding?
>
> . . .
>
> THE COURT: Ms. Hernandez?
>
> THE DEFENDANT: No.

(Doc. No. 8 at 166-72.)

> THE COURT: . . . So, for the remaining defendants, Ms. Hernandez and the other gentlemen, is counsel aware of any reason why they may not be competent to plead at this time?

4

MS. ANGELES: As I stated earlier, Your Honor, just subject to the earlier objections.

THE COURT: I am not sure what -- there were many earlier objections but none of them really related to competency. They related to things like conditions and so forth.

MS. ANGELES: Correct, Your Honor. So there's nothing -- I have nothing to add with regards to these specific clients.

THE COURT: All right. So you believe that they are competent and understand what is happening?

MS. ANGELES: I think I fulfilled my Sixth Amendment right -- my Sixth Amendment duty as their attorney to explain everything. So I reviewed everything with them, Your Honor.

THE COURT: And do you accept the statement that they made that they understand what is happening?

MS. ANGELES: Yes. I don't have any reason to believe that they are lying, Your Honor.

. . .

THE COURT: Okay. Thank you.

Ms. Hernandez and gentlemen, at this time, I am going to ask the prosecutor to recite the facts of the case, and then I am going to ask you if you understand these facts and agree that they are true and accurate.

. . .

Ms. Hernandez?

MS. GUDEL: On July 27, 2018, Mr. Hernandez, who was not a citizen of the United States, entered the United States illegally, without inspection. He was encountered by the U.S. Border Patrol -- I am sorry. Ms. Hernandez. She was encountered approximately four miles west of the San Ysidro, California, port of entry, and approximately 450 yards north of the U.S.-Mexico border.

THE COURT: Ms. Hernandez, are those facts all true?

THE DEFENDANT: Yes.

(Id. at 180-82.)

THE COURT: Ms. Hernandez and gentlemen, do you each believe that you have had sufficient time today to speak with your attorney about your case and the charges pending – the charge pending against you and to have all your questions answered?

. . .

THE COURT: Ms. Hernandez?

THE DEFENDANT: Yes.

. . .

THE COURT: Counsel, is there any legal or factual basis as to why I should not accept your client's plea at this time?

. . .

MS. ANGELES: Same as to both my clients, Your Honor, subject to the earlier objections.

. . .

THE COURT: Ms. Hernandez and gentlemen, understanding the maximum sentence that you face, all the rights you have and are giving up today by pleading guilty, and all the other consequences, do you still want to enter a plea of guilty at this time?

. . .

THE COURT: Ms. Hernandez?

THE DEFENDANT: Yes.

> . . .
>
> THE COURT: Ms. Hernandez and gentlemen, based upon everything that has occurred here today in open court, I find you have knowingly and voluntarily entered your plea of guilty, with a full understanding and meaning -- a full understanding of its meaning and effect; that you understand the charge pending against you to which you pled guilty; that you understand all your rights and the waiver of them; and you understand all the consequences.
>
> I also find that there is a factual basis for your plea, and I hereby accept your plea.

(Id. at 184-87.) The Magistrate Judge subsequently sentenced Defendant to time served. (Id. at 187; Doc. Nos. 3, 7.)

The Magistrate Judge entered a final judgment on August 1, 2018. (Doc. No. 7.) On August 11, 2018, Defendant filed a timely notice of appeal. (Doc. No. 10.) See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## **Discussion**

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B).

The voluntariness of a guilty plea, and the sufficiency of a Rule 11 plea colloquy are both reviewed *de novo*. United States v. Forrester, 616 F.3d 929, 934 (9th Cir. 2010); United States v. Aguilar-Vera, 698 F.3d 1196, 1200 (9th Cir. 2012). In addition, "[t]he harmless error standard applies to errors preserved by objections raised during a plea proceeding." Aguilar-Vera, 698 F.3d at 1200 (citing Fed. R. Crim. P. 11(h)). Under this standard, if the government shows that the defendant would have pleaded guilty even without the Rule 11 error, the court must affirm. United States v. Escamilla-Rojas, 640

F.3d 1055, 1061 (9th Cir. 2011).

On appeal, Defendant argues that the Magistrate Judge erred by failed to conduct a sufficient inquiry under Federal Rule of Criminal Procedure 11(b) prior to accepting her guilty plea. (Doc. No. 14 at 9.) Specifically, Defendant argues that the Magistrate Judge should have inquired about Defendant's pre-plea conditions to determine whether the conditions affected her decision to plead guilty. (Id. at 9-18.)

Federal Rule of Criminal Procedure 11(b) provides:

> (1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
>
> (B) the right to plead not guilty, or having already so pleaded, to persist in that plea;
>
> (C) the right to a jury trial;
>
> (D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;
>
> (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
>
> (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
>
> (G) the nature of each charge to which the defendant is pleading;
>
> (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;
>
> (I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

(2) Ensuring That a Plea Is Voluntary. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).

(3) Determining the Factual Basis for a Plea. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.

The Ninth Circuit has explained that "Rule 11(b)(1) serves to ensure that the defendant knows and understands the rights he is giving up and the consequences of entering a guilty plea. Rule 11(b)(2) serves to ensure that the defendant's waiver of his rights and acceptance of the consequences is wholly voluntary." Aguilar-Vera, 698 F.3d at 1201. "Ultimately, Rule 11 'exists to ensure that guilty pleas are knowing and voluntary.'" Escamilla-Rojas, 640 F.3d at 1061.

Here, prior to accepting Defendant's guilty plea, the Magistrate Judge conducted a pre-plea colloquy in compliance with Rule 11(b). The Magistrate Judge informed Defendant of and individually asked her whether she understood the nature of the charges, the elements of the charges, the rights she was giving up, the applicable maximum possible

penalties she was facing, and the possible immigration-related consequences of her conviction. (Doc. No. 8 at 166-72.) The Magistrate Judge further questioned Defendant regarding whether there was anything such as medication or something else in her background that would prevent her from understanding or participating in the hearing. (Id. at 172.) The Magistrate Judge confirmed the factual basis for the plea. (Id. at 181-82.) The Magistrate Judge also confirmed that Defendant had sufficient time to speak with her counsel about her case and the pending charges and that she was satisfied with her counsel's representation. (Id. at 184-85.) Upon determining that Defendant's guilty plea was made knowingly and voluntarily, the Magistrate Judge accepted the guilty plea. (Id. at 186-87.) As such, the Magistrate Judge's plea colloquy satisfied the requirements of Rule 11.

Defendant argues that the Magistrate Judge violated Rule 11(b) by failing to conduct a further inquiry into her pre-plea conditions. (Doc. No. 14 at 1, 10-15.) The Court disagrees. In support of her contention that the Magistrate Judge should have inquired regarding her pre-plea conditions, Defendant relies primarily on the Ninth Circuit's decision in United States v. Carter, 795 F.3d 947 (9th Cir. 2015). (Doc. No. 14 at 10-12.) Defendant's reliance on Carter is not persuasive.

In Carter, the Ninth Circuit held that "if a district court learns that a defendant is under the influence of some medication, it has a duty to determine, at a minimum, what type of drug the defendant has taken and whether the drug is affecting the defendant's mental state." 795 F.3d at 954. This holding provides no support for Defendant because there is nothing in the record indicating that Defendant's pre-plea conditions or anything else were affecting her mental state. During the hearing, the Magistrate Judge asked Defendant: "is there anything, such as medication that you may be taking or your physical health or mental health or anything else in your background, that would prevent you from understanding what is happening right now and being able to participate fully in this proceeding?" (Doc. No. 8 at 172.) Defendant answered: "No." Id. In addition, Defendant's counsel confirmed that Defendant understood what was happening. (Id. at

180.) Further, although Defendant's counsel incorporated an earlier objection made by counsel for a different defendant as to the conditions at Border Patrol stations in general, (Doc. No. 8 at 79-81, 180), the record is devoid as to the pre-plea conditions that Defendant actually herself experienced, and the record devoid of any assertion that Defendants' condition affected her decision to plea or her mental state.[1] In sum, Defendant has failed to show that the Magistrate Judge committed error during Defendant's plea proceedings. See United States v. Genchi-Angel, No. 18-MJ-20277-JMA-CAB, 2018 WL 4468843, at *1 (S.D. Cal. Sept. 18, 2018) (rejecting the defendant's challenge to his plea proceedings where the defendant "made no factual showing at his initial appearance, or with his appeal, that he was personally subjected to any such coercive conditions or that his overnight experience with border patrol rendered him incompetent to enter an informed and voluntary plea").

## Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: November 7, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] In her appellate brief, Defendant cites to various extra-record sources regarding the general conditions at Border Patrol stations. (Doc. No. 14 at 2-5, 13-14.) But review or whether a court's colloquy satisfies the requirements of Rule 11 "is limited to the record of the plea proceeding at issue." United States v. Van Doren, 182 F.3d 1077, 1080 (9th Cir. 1999).